UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x

UNITED STATES OF AMERICA,                :

       - v. -                                   :   (S1) 07 Cr. 453 (SHS)

ROBERT COPLAN,                            :   **AFFIDAVIT OF**
MARTIN NISSENBAUM,                        :   **MATTHEW B. HOMBERGER**
RICHARD SHAPIRO,                          :
BRIAN VAUGHN,                             :
DAVID L. SMITH, and                       :
CHARLES BOLTON,                           :

             Defendants.              :

------------------------------------ x

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF NEW YORK   )

Matthew B. Homberger, being duly sworn, deposes and says:

    1.    I am an associate of the firm of Morvillo, Abramowitz, Grand, Iason, Anello & Bohrer, P.C., attorneys for defendant Richard Shapiro ("Shapiro") in the above-captioned matter. I submit this affidavit in support of the joint motion of defendants Robert Coplan, Martin Nissenbaum, Richard Shapiro, Brian Vaughn and Charles Bolton (the "defendants") for an order directing the government to provide a bill of particulars (a) specifying which of the 218 transactions referenced to in the Indictment it intends to present evidence of at trial; (b) naming the unidentified co-conspirators described in the Indictment; and (c) identifying the "other things," "other steps," "other ways" and "other entities" referenced in the Indictment.

    2.    In response to defendants' moving papers, the government argues that electronic discovery, produced in a word-searchable format, weigh against granting a bill of particulars identifying the specific tax shelter transactions it intends to present at trial. On June 16, 2008, I

1

performed a search within an electronic discovery repository for documents relating to the transaction, involving two investors, that I believe is referenced in Count Four of the Indictment. This search of electronic documents produced by the government returned 6,045 documents. According to the data vendor that supports and maintains the repository, the 6,045 documents represent approximately 242,502 pages of paper. A search of documents produced by the government in hardcopy format for documents relating to the same transaction yielded approximately 150 additional pages.

3.   Based on some representative searches that I have performed within the electronic discovery repository, it appears that the volume of documents related to individual transactions varies by transaction and there appears to be some overlap among the transactions, with some documents referring to multiple transactions.

4.   In the course of discovery, the government has produced documents from numerous sources including two international law firms and two international investment banks. According to the data vendor that supports and maintains the repository, the metadata attending the above collections (totaling over 10 million pages) includes only the starting and ending Bates numbers and the page count. Absent from the metadata are the fields describing who authored a particular email, to whom it was addressed, which other persons were copied or blind-copied on the email, the date that it was sent and its subject. As a result, defense counsel will not be able, for example, to perform a targeted search for all emails sent by the defendants to employees of one of the investment banks, or by any of that bank's employees to the defendants, or even all emails sent on a particularly significant day. Defendants' counsel, of course, can search the bank's documents for any mention of the defendants, but this would return a result set of *all* emails sent by the defendants, sent to the defendants, or in which the defendants (or any

individual sharing a name in common with the defendants) are mentioned anywhere in the body of the document. To then identify the subset of emails sent by the defendants would require a time-consuming, manual review of that result set.[1]

5. By letter dated June 9, 2008, AUSA Landis produced additional discovery and informed defendants' counsel that "[the government] will be producing additional materials on an ongoing basis." A true and correct copy of AUSA Landis' June 9, 2008 letter is attached as Exhibit A to this affidavit.

WHEREFORE, for the reasons set forth in the accompanying Reply Memorandum of Law in Further Support of the Discovery Motions Filed on Behalf of All Defendants, to which this Court's attention is respectfully invited, and all of the other papers in this action, the Court should grant the relief sought in paragraph 1 above and the accompanying motion papers.

Matthew B. Homberger

Sworn to before me this
16th day of June, 2008.

Notary Public

MAUREEN SMITH
Notary Public, State of New York
No. 01SM5077496
Qualified in Kings County
Commission Expires May 12, 20 11

---

[1] Assistant United States Attorney Deborah E. Landis ("AUSA Landis") agreed to attempt to rectify the absence of metadata in the collection that the government obtained from one of the investment banks, which is the largest collection produced by the government. According to AUSA Landis, however, it was not feasible to obtain the missing metadata because of the method the bank originally used to extract the electronic data from its systems.

# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 9, 2008

BY FEDERAL EXPRESS

Paula M. Junghans, Esq.
Andrew Goldfarb, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW
Washington, D.C. 20036-5802

James Tucker, Esq.
Peter Barrett, Esq.
Butler, Snow, O'Mara, Stevens, and Cannada
AmSouth Plaza
210 East Capitol Street
Suite 1700
Jackson, MS 39201

Charles Clayman, Esq.
Brian Linder, Esq.
Clayman & Rosenberg
305 Madison Avenue
New York, New York 10165

John Tigue, Jr., Esq.
Kristy Milkov, Esq.
Morvillo, Abramowitz, Grand,
   Iason, Anello & Bohrer P.C.
565 Fifth Avenue
New York, NY 10017

Howard Heiss, Esq. (By hand)
Mark Racanelli, Esq.
O'Melveny & Myers, LLP
Times Square Tower
7 Times Square
New York, NY 10036

    Re: <u>United States v. Robert Coplan, et al.</u>
       (S1) 07 Cr. 453 (SHS)

Dear Counsel:

  This is the 29th letter by which we provide discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

  Enclosed please find a disk containing documents recently produced by Deutsche Bank. The documents fall in the Bates ranges DBZ 10297552 - 10298138 and DBZP 10298140 - 10298143. As described by Deutsche Bank, this production consists of ODET tickets relating to

All Counsel -2-
June 9, 2008

FX digital option and FX swap transactions, an email from Deutsche Bank Alex Brown's San Francisco office, and other documents responsive to unspecified earlier requests for production.

    Today I will be sending over to JAGG additional documents produced recently by UBS. The Bates range is UBSL 7027877 - 7027931. The vast majority of these documents are emails, most (if not all) of which have been produced previously. JAGG will copy these documents and make them available to you. The PO # for this order is 80067.

    We will be producing additional materials on an ongoing basis. As always, please feel free to contact me with any discovery problems that arise.

                                        Very truly yours,

                                        MICHAEL J. GARCIA
                                        United States Attorney
                                        Southern District of New York

                         By: _____
                                        DEBORAH E. LANDIS
                                        Assistant United States Attorney
                                        (212) 637-2512

Enclosure

cc:    AUSA Lauren Goldberg
        AUSA Marshall Camp